HENRY R. ISENBERG COMPANY, PLAINTIFF, v. JOHN H. KENT, DEFENDANT.

Argued October 1, 1929—Decided November 26, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *Milton M. Unger.*

For the defendant, *Alexander F. Reid, Jr.*

PER CURIAM.

As we read the case, the defendant wishes the verdict rendered generally in his favor molded so as to award him an alleged excess of his counter-claim over the amount claimed under a building contract; or failing this, asks that the verdict be set aside and a new trial awarded, as was done in *Peters* v. *Fogarty,* 55 *N. J. L.* 386. Our conclusion is that defendant has not shown himself entitled to either remedy.

The suit was by a subcontractor against the principal contractor on a building for an alleged unpaid balance of the subcontract price, amounting to $1,309. The defendant set up incomplete and defective performance, and counter-claimed for damages of $2,258.23 plus an item of interest which dropped out of the case. The court charged that plaintiff claimed the $1,309, and that defendant alleged that "the plaintiff instead of being entitled to $1,309 there is a balance due the defendant of $2,258.23." The record of the verdict in the minutes is that the jury "by their foreman say they find in favor of the defendant, and so they say all."

The *postea* reads: "The cause having been heard and submitted to the jury, they returned their verdict as follows: For the defendant, John H. Kent."

There is no suggestion that the jury did not return the verdict in the precise language in which it is recorded. In fact, the depositions show not only that the foreman so announced it, but that he did so with the full concurrence of every member of the jury. What the defendant undertakes to show, however, is that when they returned the verdict in this language, they did so with the idea that it meant a verdict for the defendant for the excess of the counter-claim over the original claim of the plaintiff. But as we understand the law, the depositions of jurors (and no other depositions were taken) cannot be received for any such purpose. In *Peters* v. *Fogarty, supra,* Mr. Justice Dixon, citing *Jackson* v. *Williamson,* 2 *T. R.* 281, says: "Nor will their affidavits be received for the purpose of showing that they understood or intended their verdict to mean." It is noteworthy that in Peters *v.* Fogarty the foreman had a temporary attack of heterophemy when reporting the verdict, and said "defendant" when he should have said "plaintiff." In the case at bar, as we have seen, the jury said precisely what they intended to say. This is not a case in which the verdict is on its face incomplete or inconsistent; and so in examining it we must also apply the well settled rule that affidavits of jurors will not be received for the purpose of destroying the verdict in which they have joined, or of proving the ground of the verdict. *Lindauer* v. *Teeter,* 41 *N. J. L.* 255, 259; *Queen* v. *Jennings,* 93 *Id.* (at *p.* 358).

The verdict does not appear to be repugnant; it is consistent with a finding by the jury that neither party is entitled to recover against the other, or that the counter-claim fairly balanced the principal claim. It is not attacked by the reasons as against the weight of evidence, or as contrary to the charge, nor is it argued that the charge itself was erroneous. All four reasons go to the one point discussed above. In view of the rules we have noted, we think that the verdict cannot properly be disturbed on that ground, and the rule to show cause will therefore be discharged.